1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   THEONA ZHORDANIA, Cal Bar No. 254428
2    tzhordania@sheppardmullin.com
   350 S. Grand Avenue, 40th Floor
3  Los Angeles, California 90071-3460
   Telephone:  213.620.1780
4  Facsimile:   213.620.1398

5  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   CHARLES A. DANAHER, Cal Bar No. 144604
6    cdanaher@sheppardmullin.com
   501 West Broadway, 19th Floor
7  San Diego, California 92101-3598
   Telephone:  619.338.6500
8  Facsimile:   619.234.3815

9  Attorneys for Defendants

10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

14  JAIME RUTH HORWITZ              Case No. 2:25-cv-09761
    WOTHERSPOON, DONALD JOHN
15  WOTHERSPOON                     [Removed from Los Angeles County
                                    Superior Court, Case No.
16              Plaintiffs,         25STCV20434]

17         v.                       **DEFENDANTS' NOTICE OF
                                    REMOVAL OF CIVIL ACTION
18  ALLIANCE UNITED INSURANCE       PURSUANT TO 28 U.S.C. SECTION
    COMPANY; INFINITY INSURANCE     1441 (DIVERSITY JURISDICTION)**
19  COMPANY; and DOES 1 through 50,
    inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

SMRH:4930-4259-9538.1                      DEFENDANTS' NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1441(b) and 1446, Defendants Merastar Industries LLC (as the surviving corporation following its merger with Defendant Alliance United Insurance Company pursuant to Corporations Code section 1107) and Infinity Insurance Company (collectively, "Defendants") hereby remove the state court action described below from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

**I.      THE STATE COURT ACTION**

1.      On or about July 10, 2025, Plaintiffs Jaime Ruth Horwitz Wotherspoon and Donald John Wotherspoon (collectively, "Plaintiffs") filed a lawsuit in the Superior Court of the State of California for the County of Los Angeles entitled *Jaime Ruth Horwitz Wotherspoon and Donald John Wotherspoon v. Alliance United Insurance Company; Infinity Insurance Company; and Does 1 through 50*, Case No. 25STCV20434 (the "Superior Court Action").  The Complaint alleges claims for Breach of the Implied Covenant of Good Faith and Fair Dealing and Declaratory Relief.  Attached as **Exhibit A** to the Declaration of Theona Zhordania ("Zhordania Declaration") is a true and correct copy of the Complaint.

2.      On July 24, 2025, Plaintiffs served Infinity Insurance Company ("Infinity") with the Summons and Complaint.  Attached as **Exhibit B** to the Zhordania Declaration is a true and correct copy of the Summons.  Attached as **Exhibit C** to the Zhordania Declaration is a true and correct copy of the Notice of Service of Process on Infinity.

3.      Merastar Industries LLC ("Merastar") is the surviving corporation following its merger with Defendant Alliance United Insurance Company, pursuant to Corporations Code section 1107.  (*See* Exhibit E).  Merastar has not yet been

served with the Summons and Complaint in this action.  (Zhordania Declaration, ¶5).

4.    On October 10, 2025, Infinity and Merastar filed an Answer to the Complaint.  (Zhordania Declaration, ¶7).  A true and correct copy of the Answer is attached as **Exhibit F** to the Zhordania Declaration.

5.    True and correct copies of all other documents that have been filed in the Superior Court Action are attached as **Exhibit G** to the Zhordania Declaration.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

6.    Defendants remove this case pursuant to 28 U.S.C. section 1441(b). Removal is proper because, as alleged in more detail below, (1) there is complete diversity between Plaintiffs, Infinity, and Merastar; (2) Defendant Alliance United Insurance Company ("Alliance United") is a nominal and/or sham defendant; and (3) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

### A.    Complete Diversity Exists Between Plaintiffs and Defendants

7.    The Complaint names as defendants: (1) Infinity; (2) Alliance United; (3) and DOES 1 through 50.  (*See* **Exhibit A**).

8.    Plaintiff Jaime Ruth Horwitz was, at the time of filing the Superior Court Action, is now, and at all relevant times has been a resident and citizen of the State of California.

9.    Plaintiff Donald John Wotherspoon was, at the time of filing the Superior Court Action, is now, and at all relevant times has been a resident and citizen of the State of California.

10.    Infinity is, and was at the commencement of the Superior Court Action, a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Jefferson County, Alabama.  Infinity does not have substantial predominance of its corporate activities in the State of California.  Its corporate "nerve center," where the majority of its executive and administrative

functions are performed, is in Birmingham, Alabama.  Thus, Infinity is, and was at the commencement of the Superior Court Action and at the time of removal, a resident and citizen of the state of Indiana and Alabama, as well as the United States.

11.    Defendant Alliance United is a sham and/or nominal defendant and, therefore, its presence does not defeat diversity jurisdiction.  The citizenship of a non-diverse defendant who is a nominal defendant or who has been fraudulently joined in a state court action must be disregarded.  *See Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy") (citing *Navarro Sav. Ass'n*, 446 U.S. at 461).

12.    Moreover, Alliance United no longer exists, as it merged with Merastar, with the latter being the surviving corporation under California Corporations Code Section 1107.

13.    For purposes of diversity jurisdiction under 28 U.S.C. § 1332, a limited liability company is deemed to be a citizen of every state in which its members are citizens.  Merastar is a limited liability company organized under the laws of the State of Delaware.  Its sole member is Trinity Universal Insurance Company, which is organized and existing under the laws of the State of Texas.  Trinity does not have substantial predominance of its corporate activities in the State of California.  Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Texas.  Accordingly, for purposes of determining diversity jurisdiction, Merastar is, and was at the commencement of the Superior Court Action and at the time of removal, a resident and citizen of the state of Texas, as well as the United States.

14.    Defendant Alliance United is a sham and/or nominal defendant and, therefore, its presence does not defeat diversity jurisdiction.  The citizenship of a

1   non-diverse defendant who is a nominal defendant or who has been fraudulently

2   joined in a state court action must be disregarded.  *See Morris v. Princess Cruises,*

3   *Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Corfield v. Dallas Glen Hills LP*, 355

4   F.3d 853, 857 (5th Cir. 2003) ("a federal court must disregard nominal or formal

5   parties and rest jurisdiction only upon the citizenship of real parties to the

6   controversy") (citing *Navarro Sav. Ass'n*, 446 U.S. at 461).

7       15.    Plaintiffs' naming of 50 fictitious "DOE" defendants without

8   identifying their residence has no effect on the diversity analysis in this case.  *See* 28

9   U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of

10  defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins.*

11  *Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that

12  "Doe" defendants "shall be disregarded for jurisdictional purposes") (citing Section

13  1441 (a)).

14      16.    Disregarding all the "DOE" defendants, as well as the nominal/sham

15  defendant Alliance United, leaves Infinity and Merastar as the only remaining

16  defendants.  Complete diversity exists between Infinity, Merastar and Plaintiffs,

17  satisfying the diversity requirement under 28 U.S.C. § 1332(d).

18  **B.    The Citizenship of Alliance United Insurance Company Must Be**
    **Disregarded**

19

20      **1.    _Alliance United Is a Nominal Defendant_**

21      17.    Alliance United's citizenship must be disregarded because it is a

22  nominal defendant.  Diversity is not required between the plaintiff and a "nominal"

23  defendant.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir.

24  2002).  For the purposes of diversity, a nominal party is defined as one "who has

25  some immaterial interest in the subject matter of a lawsuit and who will not be

26  affected by any judgment."  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736

27  F.3d 255, 260 (4th Cir. 2013); *see also Alfred L. Snapp & Son, Inc. v. Puerto Rico,*

28  *ex rel., Barez*, 458 U.S. 592, 600 (1982) (describing a nominal party as one "without

-4-

a real interest of its own" for purposes of parens patriae standing); *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191 (4th Cir. 2002) (finding that in the context of the Securities Exchange Act of 1934, a nominal defendant is a party that "has no ownership interest in the property which is the subject of litigation"). "This 'nominal party exception' ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Hartford Fire Ins. Co.*, 736 F.3d at 259 (affirming denial of a motion to remand because the defendant at issue did not possess a sufficient stake in the proceeding to rise above the status of a nominal party).

18.    "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *See Strotek Corp.*, 300 F.3d at 1133. Further, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

19.    Alliance United is a nominal defendant because it does not face any financial liability in this lawsuit due to the existence of an Assumption Reinsurance Agreement between it and Infinity.

20.    Under the Assumption Agreement — approved by the California Department of Insurance — all of Alliance United's rights, assets, obligations, and liabilities were assumed by Infinity. As a result, all Alliance United policies effectively became Infinity policies. The Assumption Agreement provides that Infinity is directly obligated to Alliance United policyholders to the same extent as if Infinity had issued the policies itself. Plaintiffs' own Complaint alleges that "[p]ursuant to a California Department of Insurance approved assumption reinsurance agreement, INFINITY has assumed all of the liabilities and obligations of ALLIANCE." (**Exhibit A**, ¶2).

21.     Alliance United lacks any financial risk in the instant litigation and has no real interest in the outcome of this case.  Even if a judgment were entered against Alliance United, it would have to be satisfied by Infinity, and Alliance United would bear no financial responsibility.

22.     Moreover, Alliance United is a nominal defendant because this lawsuit can be resolved without its involvement.   If Alliance United were not named in the action, it would have no effect on the Plaintiffs' ability to be made whole by Infinity.  In short, Alliance United has no stake in this litigation.

23.     Alliance United's status as a nominal party does not destroy diversity jurisdiction.  *See Corfield*, 355 F.3d at 857 ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy") (citing *Navarro Sav. Ass'n*, 446 U.S. at 461).

### 2.     *Alliance United Is Fraudulently Joined*

24.     Fraudulent joinder "is a term of art."  *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir.1987).  Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Id*.  Further, the defendant "is entitled to present the facts showing the joinder to be fraudulent."  *Id*.  "Upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Charlin v. Allstate Ins. Co*., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).

25.     Plaintiffs purport to assert causes of action for breach of the implied covenant of good faith and fair dealing against Alliance United.  However, Plaintiffs' joinder of these defendants is improper, as it is intended solely to defeat diversity jurisdiction and prevent removal of the Superior Court Action to this Court.

-6-

26.     Plaintiffs cannot state a viable claim against Alliance United because it is a defunct corporation and no longer exists.  Cal. Corp. Code § 1107.

## III.   CONSENT OF ALLIANCE UNITED IS NOT REQUIRED

27.     Consent of Alliance United is not required because it is a nominal and/or sham defendant.  *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties'") (internal citation omitted); *see also* 28 U.S.C. § 1446(b)(2) (requiring the consent of "all defendants who have been properly joined and served") (emphasis added).

## IV.   AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

28.     Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a). The amount in controversy requirement is satisfied here.

29.     "[A] defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis added).  It includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them."  *Id*.

30.     When the Court is confronted with a complaint that alleges a range of recoverable damages, it will generally use the "maximum" amount recoverable under the range alleged.  *See Gonzalez v. Comenity Bank*, 2019 WL 5304925, at *6 (E.D. Cal. Oct. 21, 2019); *Kastler v. Oh My Green, Inc.*, 2019 WL 5536198, at *6 (N.D. Cal. Oct. 25, 2019); *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *9 (C.D. Cal. Oct. 6, 2020); *Rahmatullah v. Charter Commc'ns*, LLC, 2020 WL 4014746, at *5 (C.D. Cal. July 15, 2020).  Under this standard, "the removing

DEFENDANTS' NOTICE OF REMOVAL

1 party's burden is not daunting, and defendants are not obligated to 'research, state,

2 and prove the plaintiff's claims for damages.'" *Alvarez v. C & S Wholesale*

3 *Grocers, Inc.*, 2014 WL 799939, at *7 (E.D. Cal. Feb. 27, 2014); *Payne v. C & S*

4 *Wholesale Grocers, Inc.*, 2014 WL 1028325, at *4 (E.D. Cal. Mar. 14, 2014);

5 *Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009).

6     31.    "The parties may submit evidence outside the complaint, including

7 affidavits or declarations, or other 'summary-judgment-type evidence relevant to the

8 amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments,*

9 *Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

10     32.    In determining the amount in controversy, the district court may take

11 into account Plaintiffs' contention that Defendants should be liable for the excess

12 amount of the underlying personal injury judgment. *See Farmers Direct Property*

13 *and Casualty Insurance Company v. Perez, et al.*, 130 F.4th 748 (9th Cir. 2025).

14     33.    Here, Plaintiffs seek over $75,000 in damages against Defendants

15 exclusive of interest and costs.  Specifically, Plaintiffs seek the "full amount of the

16 unpaid Excess Judgment." (Exhibit A, ¶59).  The Complaint expressly alleges that

17 the amount of the Excess Judgment is $1,750,000.00.  (Exhibit A, ¶35).  Infinity

18 paid its full $15,000 in partial satisfaction of the Excess Judgment.  (Zhordania

19 Declaration, ¶9).  Thus, the unpaid portion of the Excess Judgment is $1,735,000.00,

20 which is in excess of $75,000.

21     34.    ***Attorney's Fees***.  Plaintiffs also seek attorney's fees.  A claim for

22 attorneys' fees is also included in determining the amount in controversy.  *See*

23 *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir.

24 2018) ("[A] court must include future attorneys' fees recoverable by statute or

25 contract when assessing whether the amount-in-controversy requirement is met");

26 *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorney's fees

27 are part of the amount in controversy if such fees are recoverable by plaintiff);

28 *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011)

DEFENDANTS' NOTICE OF REMOVAL

1  (attorney's fees recoverable under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985),

2  are included in determining the amount in controversy); *Graham Plumbing & Drain*

3  *Cleaning, Inc. v. Colony Ins. Co.*, 2019 WL 6482920, at *2 n.1 (C.D. Cal. Oct. 17,

4  2019) (holding removal proper where "[a]lthough the underlying claim is not in

5  excess of [$75,000] . . . Plaintiff's Complaint seeks punitive damages and attorneys'

6  fees that are potentially available for procuring insurance policy benefits").

7      35.    "The Court can use its discretion to determine, within its own

8  experience, that an award of attorneys' fees alone will satisfy the amount in

9  controversy requirement." *Cain*, 890 F. Supp. 2d at 1250.  In some insurance cases

10 awarding *Brandt* attorneys' fees to successful plaintiffs, attorneys' fees awards

11 alone often exceed the $75,000 jurisdictional minimum.  *See, e.g.*, *Major v. W.*

12 *Home Ins. Co.*, 169 Cal. App. 4th 1197, 1207 (2009) (affirming $189,000 *Brandt*

13 fees award in connection with recovery of $31,000 in policy benefits).

14 **V.    REMOVAL IS TIMELY UNDER 28 U.S.C. SECTION 1446(b)**

15     36.    Under 28 U.S.C. § 1446(b)(1), a notice of removal may be filed "within

16 30 days after the receipt by the defendant, through service or otherwise" of the

17 initial pleading from which removability can be ascertained.  28 U.S.C. §

18 1446(b)(1).   Merastar has not yet been served with the Summons and Complaint.

19 (Zhordania Declaration, ¶5).  Accordingly, its removal is timely.

20     37.    Infinity's notice of removal is also timely under 28 U.S.C. § 1446(b)(3)

21 because it was filed "within 30 days after receipt by the defendant, through service

22 or otherwise, of a copy of an amended pleading, motion, order or other paper from

23 which it may first be ascertained that the case is one which is or has become

24 removable."  On or about September 12, 2025, the California Secretary of State

25 issued a Certificate of Merger to Merastar, which constitutes "other paper" under

26 Section 1446(b)(3).  (*See* Exhibit E).  Infinity filed its notice of removal within 30

27 days of that date.

28

## VI.    ORIGINAL JURISDICTION

38.     The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that Plaintiffs, Infinity and Merastar are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

39.      The case is therefore one that Defendants may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446.

## VII.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

40.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of removal of this action to Plaintiffs and will also file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles.

41.     The United States District Court for the Central District of California is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles, where the Superior Court Action is now pending. Thus, venue is proper in this Court under 28 U.S.C. sections 84(a) and 1441(a).

WHEREFORE, Defendants hereby give notice that this action has been removed, in its entirety, from the Los Angeles County Superior Court to the United States District Court for the Central District of California, Western Division, for further proceedings as though it originally had been instituted in the District Court.

Dated:  October 10, 2025          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                                   By    _____
                                                                   */s/ Theona Zhordania*
                                                             THEONA ZHORDANIA
                                                             CHARLES A. DANAHER

                                                             Attorneys for Defendants

-10-